**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MICHAEL WOOD, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | Civil Action No. |
| v. ) | |
| ) | Jury Demanded |
| CREDENCE RESOURCE ) | |
| MANAGEMENT LLC, ) | |
| ) | |
| DEFENDANT. ) | |

**COMPLAINT**

Plaintiff, Michael Wood, brings this action to secure redress from unlawful credit and collection practices engaged in by Defendant Credence Resource Management LLC. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

**VENUE AND JURISDICTION**

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), and 28 U.S.C. §§ 1331, 1337, and 1367.

2. Venue in this District is proper because each Defendant does business here.

**PARTIES**

3. Plaintiff, Michael Wood, ("Plaintiff") is an individual and resident of the State of Illinois, who is a "consumer" as defined at 15 U.S.C. § 1692a(3) of the FDCPA.

4.     Defendant, Credence Resource Management LLC, ("Credence") is a "debt collector" as defined by and within the meaning of 15 U.S.C. § 1692a(6) of the FDCPA, and is engaged in the business of collecting debts in this State where Credence regularly collects or attempts to collect defaulted consumer debts owed or due, or asserted to be owed or due another.

5.     Credence was acting as a debt collector as to the alleged defaulted consumer debt it was attempting to collect from the Plaintiff.

6.     Credence maintains a registered agent in Illinois, and is licensed to do business in Illinois. (Exhibit A, Record from Illinois Secretary of State).

7.     Credence holds a collection agency license in Illinois. (Exhibit B, Record from Illinois Department of Professional Regulation).

## FACTS

8.     Plaintiff incurred an alleged obligation to pay money to AT & T Mobility for cellular telephone service purchased for personal and household use ("alleged debt"). The obligation to pay money was thus a "debt" as that term is used in 15 U.S.C. § 1692a(5) of the FDCPA.

12.    Plaintiff thereafter purportedly defaulted on his alleged obligation.

13.    AT & T Mobility thereafter assigned the account to Credence for the purpose of collection from the Plaintiff.

14.    On or around September 12, 2014, Credence mailed Plaintiff a letter in connection with the collection of the alleged debt. (Exhibit C, Letter from Credence to Plaintiff).

15. The letter mailed by Credence, a copy of which is attached as Exhibit C, stated a balance due of $2,024.35.

16. Credence agents or employees thereafter repeatedly called and spoke to Plaintiff in connection with the collection of the alleged debt.

17. During one of the phone calls with Credence, Plaintiff was informed by an agent or employee of Credence that he could communicate with Credence, regarding the alleged debt, via an email address, which it communicated to Plaintiff as being [www.disputes@credencerm.com](www.disputes@credencerm.com).

18. On September 16, 2014, Plaintiff sent written notice to Credence that he refuses to pay the alleged debt, via the email address provided by Credence. (Exhibit D, Email).

17. Credence received Plaintiff's email on September 16, 2014. (Exhibit D, Email).

18. 15 U.S.C. § 1692c states in part as follows:

**(c) Ceasing communication**

If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector <u>shall not communicate further with the consumer with respect to such debt</u>, except--

**(1) to advise the consumer that the debt collector's further efforts are being terminated;**

**(2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or**

**(3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.**

**If such notice from the consumer is made by mail, notification shall be complete upon receipt.**

15 U.S.C. § 1692c (emphasis added)

19. Plaintiff's email informed Credence in writing that he refuses to pay the alleged debt.

20. 15 U.S.C. § 1692c requires Credence to cease communication with Plaintiff after receipt of his email communicating that he refuses to pay the alleged debt, except for the purposes listed therein.

21. Credence did not cease further communication with Plaintiff after it received his letter.

22. Instead, on or around November 11, 2014, Credence mailed Plaintiff a letter which states that Plaintiff owes a "Total Due" of $2024.35, and that payment is requested by December 2, 2014. (Exhibit E, Second Letter from Credence to Plaintiff.)

23. Credence's letter was not mailed to advise Plaintiff that further efforts to collect the alleged debt are being terminated.

24. Credence's letter was not mailed to notify Plaintiff that it (or AT &T Mobility) may invoke specified remedies which are ordinarily invoked by such debt collector or creditor.

25. Credence's letter was not mailed to notify Plaintiff that it, or AT & T Mobility, intends to invoke a specified remedy.

26. In fact, Credence's letter was not mailed for any of the three allowable purposes under 15 U.S.C. § 1692c, as it constitutes a communication to Plaintiff, and further attempt to collect the alleged debt, after it received written notice from

Plaintiff indicating that he refuses to pay the alleged debt.

27. Credence violated 15 U.S.C. § 1692c by mailing the letter, attached as Exhibit E, to Plaintiff.

28. Credence's collection communications are to be interpreted under the "unsophisticated consumer" standard. *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I-VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq.*

29. Plaintiff incorporates paragraphs 1-28.

30. In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. § 1692c by communicating with Plaintiff in connection with the collection of a debt for a purpose not enunciated in 15 U.S.C § 1692c(1)-(3) inclusive, after having received a written notice from Plaintiff wherein he states that he refuses to pay the debt.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant Credence, for the following:

    a. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k;

    b. Plaintiff's attorney fees and costs, and;

    c. Any other relief deemed appropriate by this Honorable Court.

### JURY DEMAND

Plaintiff demands trial by jury.

| | |
|---|---|
| **The Law Office of M. Kris Kasalo, Ltd.** | By:  s/ Mario Kris Kasalo |
| 20 North Clark Street, Suite 3100 | Mario Kris Kasalo |
| Chicago, Illinois 60602 | |
| tele 312.726.6160 | |
| fax 312.698.5054 | |
| mario.kasalo@kasalolaw.com | |

### NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.